UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Tarontae Jackson,<br><br>    Plaintiff(s),<br><br>v.<br><br>Officer Aki,<br><br>    Defendant(s). | Case No. 2:24-cv-01950-GMN-NJK<br><br>**ORDER**<br><br>[Docket No. 14] |

This is a prisoner civil rights case in which Plaintiff is proceeding on an excessive force claim against a correctional officer at the Clark County Detention Center. *See* Docket No. 6 (screening order). Defendant has not agreed to waive service. On July 17, 2025, the Court ordered Plaintiff to furnish the United States Marshals Service with a USM-285 form so that service could be attempted on Defendant. Docket No. 11. Plaintiff did not comply, so the summons was returned as unexecuted. Docket No. 13 at 2.

Pending before the Court is Plaintiff's motion re: summons. Docket No. 14.[1] Plaintiff argues that the Marshal must complete all paperwork necessary to effectuate service, as opposed to Plaintiff. *See id.* at 1. The Court is not persuaded. "[A] prisoner 'is entitled to rely on the U.S. Marshal for service' . . . as long as he or she 'provide[s] the necessary information to help effectuate service.'" *Schrubb v. Lopez*, 617 Fed. Appx. 832, 832 (9th Cir. 2015) (quoting *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990), *abrogated on other grounds* by *Sandin v. Connor*, 515 U.S. 472 (1995)). "Ultimately, . . . it is Plaintiff's responsibility to effectuate service by providing Defendant['s] proper address to the Marshal Service." *Bivins v. Ryan*, Case No. CV-12-1097-PHX-ROS (LOA), 2013 WL 2004462, at *3 (D. Ariz. May 13, 2013); *see also, e.g.*, *Gibbs v. Fey*,

---

[1] The Court liberally construes the filings of *pro se* litigants, particularly those who are prisoners bringing civil rights claims. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

1

Case No. 2:15-cv-01958-GMN-NJK, 2017 WL 8131473, at *3 (D. Nev. Nov. 14, 2017), *objections overruled*, 2018 WL 1157544 (D. Nev. Mar. 2, 2018), *recon. denied*, 2019 WL 13249692 (D. Nev. Mar. 15, 2019).  It is likewise Plaintiff's responsibility to furnish the required USM-285 form to the Marshal.  *See, e.g.*, *Hamer v. Nev. Dept. of Emp., Rehab. & Training, Vocational Rehab. Bureau*, Case No. 2:15-cv-01036-GMN-GWF, 2018 WL 6003844, at *2 (D. Nev. Nov. 14, 2018), *appeal dismissed*, 2019 WL 6606513 (9th Cir. Sept. 20, 2019).

Accordingly, Plaintiff's motion is **DENIED**.  The Court further **ORDERS** as follows:

1. The Clerk of Court shall send a copy of the summons (Docket No. 12) and complaint (Docket No. 7) to the U.S. Marshal for service.

2. The Clerk of Court shall send Plaintiff a copy of the required Form USM-285.

3. Plaintiff shall have twenty days in which to furnish the U.S. Marshal with the required Form USM-285.  Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the court identifying whether defendant was served.  If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed with the Court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted.

IT IS SO ORDERED.

Dated: September 25, 2025

_____
Nancy J. Koppe
United States Magistrate Judge