**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Tarontae Jackson,

      Plaintiff(s),

v.

C/O Aki,

      Defendant(s).

Case No. 2:24-cv-01950-GMN-NJK

**Order**

[Docket Nos. 45, 47]

Pending before the Court are Plaintiff's responses to requests for production, which he filed on the docket, Docket No. 45, along with a motion to allow discovery responses to be filed rather than served, Docket No. 47. Both the governing rules require that discovery-related documents must be <u>served</u> on the affected party, not <u>filed</u> on the docket, unless ordered by the Court. *See, e.g.*, Local Rule 26-7; Fed. R. Civ. P. 5(d)(1). Plaintiff now asks for an exception, arguing that his lack of funds for postal stamps warrants allowing the filing of discovery materials. *See* Docket No. 47. Pursuant to the applicable prison regulation, however, "[t]here is no limit to the amount of legal postage department charges an indigent inmate or indigent-at-the-moment inmate may accumulate" in relation to prisoner civil rights actions. A.R. 722.08(10). Given that Plaintiff has access to postal stamps pursuant to this regulation, the Court declines to exempt him from the applicable rules against filing discovery on the docket. Accordingly, the Court **DENIES** Plaintiff's motion to allow discovery responses to be filed rather than served, Docket No. 47, and **STRIKES** Plaintiff's improperly filed responses to requests for production, Docket No. 45.

IT IS SO ORDERED.

Dated: May 19, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

1