**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Tarontae Jackson,

     Plaintiff(s),

v.

C/O Aki,

     Defendant(s).

Case No. 2:24-cv-01950-GMN-NJK

**Order**

[Docket No. 52]

Pending before the Court is Defendant's motion to extend case management deadlines by 60 days. Docket No. 52.

Modifying unexpired case management deadlines requires a showing of good cause, *see* Fed. R. Civ. P. 16(b)(4), Local Rule 26-3, which turns on whether the subject deadlines cannot reasonably be met through the exercise of diligence throughout the allotted period, *see, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).[1]

The instant request is lacking in several respects. First, it represents that efforts were made to confer on the relief sought, but those efforts consist of an email sent to the prison law library at 1:50 p.m. on May 28, which was just three hours before the motion was filed at 4:55 p.m. on May 28. *See* Docket No. 52-1. Given the logistics of prisoner litigation, it would not seem practical to have expected a response to the conferral email in such a short timeframe. Second, the motion is predicated almost exclusively on counsel's recent substitution into the case, but that reasoning is contrary to the local rules. *See* Local Rule IA 11-6(c)-(e). Third, discovery has already been open for more than four months, which is longer than the entire discovery period in typical prisoner

_____

[1] The motion indicates that there is insufficient time remaining at this juncture to conduct the discovery Defendant envisions, *see* Docket No. 52 at 5, but the key question is whether the current deadlines could have been met reasonably through the exercise of diligence *throughout the entire period* already provided, *see, e.g.*, *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 (D. Nev. 2022).

1

cases.  While the motion addresses the lack of certain discovery efforts by prior counsel, incoming counsel are not entitled to a discovery extension based on such reasoning.  *See, e.g.*, *Derosa v. Blood Sys., Inc.*, 2013 WL 3975764, at *2 (D. Aug. 1, 2013) (rejecting extension request predicated on lack of diligence by prior counsel).

In addition to the above, the motion also references that discovery has been hindered by Plaintiff's filing (and the Court's subsequent striking) of discovery material.  *See* Docket No. 52 at 3; *see also* Docket Nos. 43, 45.  Moreover, there has been at least some delay due to a recent death in the family.  *See* Docket No. 52 at 6.  Given the circumstances presented and as a one-time courtesy, the Court will allow a 30-day extension.  The Court is not inclined to extend these deadlines further.

Accordingly, the motion to extend is **GRANTED** in part and **DENIED** in part.  Case management deadlines are **RESET** as follows:

- Amend pleadings/add parties:  closed
- Initial experts:  June 28, 2026
- Rebuttal experts:  July 27, 2026
- Discovery cutoff:  August 26, 2026
- Discovery motions:  September 9, 2026
- Dispositive motions:  September 25, 2026
- Joint proposed pretrial order:  October 26, 2026, or 30 days after resolution of dispositive motions

IT IS SO ORDERED.

Dated:  May 29, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

2