LYSSA S. ANDERSON
Nevada Bar No. 5781
KRISTOPHER J. KALKOWSKI
Nevada Bar No. 14892
TRAVIS C. STUDDARD
Nevada Bar No. 16454
KAEMPFER CROWELL
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135
Telephone: (702) 792-7000
Fax: (702) 796-7181
landerson@kcnvlaw.com
kkalkowski@kcnvlaw.com
tstuddard@kcnvlaw.com

***Attorneys for Defendant***
***Kaluna Aki***

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TARONTAE DAIJOHN JACKSON,<br><br>Plaintiff,<br><br>vs.<br><br>SERGEANT KALUNA AKI,<br><br>Defendants. | Case No.: 2:24-cv-01950-GMN-NJK<br><br>**MOTION TO EXTEND DISPOSITIVE MOTION DEADLINE (First Request)**[1] |

Defendant, Kaluna Aki ("Aki"), through his counsel, Kaempfer Crowell, hereby moves for a brief one-time, seven (7) day extension of the current dispositive motion deadline which will not require any adjustment of any other current deadlines in this matter. This Motion is brought pursuant to Federal Rule of Civil Procedure 16(b)(4), Local Rule IA 6-1, and Local Rule 26-3.

Good cause supports this extension as discussed in the below Memorandum of Points and

[1] Although there have been two prior extensions of all discovery deadlines at ECF No. 41 and 52, this is the first requested extension of solely the dispositive motion deadline.

Authorities because Aki needs a few more days to thoroughly review and analyze the evidentiary record in this matter and to allow for full and complete briefing.

DATED this 24th day of September, 2026.

KAEMPFER CROWELL

By: */s/ Lyssa Anderson*
LYSSA S. ANDERSON (Nevada Bar No. 5781)
KRISTOPHER J. KALKOWSKI (Nevada Bar No. 14892)
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135

***Attorneys for Defendant Kaluna Aki***

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The current deadline to file dispositive motions is September 25, 2026. Aki is requesting a brief one-time, seven (7) day extension of this deadline for the reasons stated below; or up and to October 2, 2026. The brief extension will not affect any pending deadlines; will not result in any prejudice to Plaintiff; and is being sought in good faith to allow for accurate and complete briefing of the issues in this matter.

### II. RELEVANT PROCEDURAL HISTORY

The Initial Scheduling Order was issued in this matter on January 29, 2026. [ECF No. 26]. Aki moved to extend all discovery deadlines, due to institutional delays at the facility where Plaintiff is currently incarcerated, and on April 23, 2026, the Court granted the extension [ECF No. 42]. On May 20, 2026, the undersigned counsel received Court approval to substitute as counsel of record in place of previous defense counsel. [ECF No. 48].

Counsel received the case file from prior Counsel on May 22, 2026, and quickly became aware that the expert disclosure deadline was approaching on May 28, 2026. As a result, Aki filed

a second request to extend all discovery deadlines. The Court granted in part, and denied in part the request, giving an additional thirty-day extension of all discovery deadlines. [ECF No. 53]. Discovery closed on August 26, 2026, with all discovery completed in the time allowed by this Court.

**A. Discovery Completed to Date.**

Aki provided initial and supplemental Rule 26 Disclosures during the course of discovery in this matter. At the close of discovery, Aki produced 653 pages of documents, 29 body worn camera videos, 2 audio files and 6 video files containing video surveillance. Aki served written discovery (requests for production of documents, interrogatories and requests for admissions) on Plaintiff and Plaintiff responded. Aki then served additional interrogatories to Plaintiff and Plaintiff responded.

The deposition of Plaintiff was taken. Aki timely disclosed an expert report. All discovery has been completed.

**B. Discovery That Remains to Be Completed.**

There is no discovery that remains to be completed in this matter.

## III. MEET AND CONFER EFFORTS

Aki recognizes that motions to extend are disfavored by this Court. Aki was unable to meet and confer with Plaintiff about this request. As the Court knows, Plaintiff is currently incarcerated and prior attempts to meet and confer with Plaintiff via the High Desert State Prison email system, have been unsuccessful. Moreover, there is insufficient time to confer since Counsel is now realizing that an accurate and complete dispositive motion cannot be filed by the current deadline; tomorrow. Nevertheless, Aki will promptly serve Plaintiff with a copy of this Motion via the High Desert State Prison email system and first-class mail. If Aki is contacted by Plaintiff, Aki will promptly notify the Court. Unlike Aki's prior Motion to Extend Discovery at ECF No.

52, Aki is not attempting to inform the Court that any meaningful conferral was accomplished. Instead, Aki recognizes the limitations with obtaining a response from Plaintiff who is currently incarcerated, representing himself, and on less than one day's notice.

## IV. ARGUMENT

Federal Rule of Civil Procedure 16(b)(4), Local Rule IA 6-1, and Local Rule 26-3 govern a request to extend deadlines in a scheduling order. Fed. R. Civ. P. 16(b)(4); D. Nev. Local Rule 26-3, IA 6-1. For deadlines that have not expired yet, these Rules impose a "good cause" standard which focuses on the parties' diligence before seeking an extension of time. *Williams v. James River Grp. Inc.*, No. 2:22-cv-00186-RFB-NJK, 2022 WL 4181415, at *3 (D. Nev. Sept. 13, 2022) (publication forthcoming).

### A. There is good cause for the limited extension requested.

Aki is seeking a minimal extension of seven (7) days to file his dispositive motion in this matter. Aki is not requesting to reopen discovery or modify any other discovery related deadlines, including the Joint Pre-Trial Order deadline. In short, this extension will not materially change any schedule set by this Court. This extension will not cause any delay in this matter and will not prejudice Plaintiff. Indeed, Plaintiff will retain the time permitted to respond to Aki's dispositive motion as permitted by the Rules. The effect of this extension on Plaintiff's claims is negligible.

### B. The requested extension promotes a decision on the merits and judicial economy.

Aki has been actively preparing the dispositive motion briefing he intends to file and has been reviewing the evidentiary record created during discovery. In preparation of the motion and supporting materials to the motion, Counsel realized that a brief extension is needed to complete the review of the record and ensure the motion's accuracy. It is likely that the dispositive motion will resolve all claims at issue in this matter. The extension would promote determination of this case on the merits and would serve to aid the Court. Indeed, a fully developed dispositive motion

supported by evidence, rather than a motion filed in haste would benefit the Court.

**C. Additional factors supporting a brief extension.**

This request differs from Aki's prior Motion to Extend Discovery at ECF 52, because Aki is not asking this Court to revisit prior discovery deadlines. As set out in the prior Motion at ECF 52, Counsel experienced an influx of new cases. This influx has resulted in a heavy litigation schedule, including multiple deadlines, depositions and hearings on other matters. Aki is mindful that workload alone does not establish good cause for an extension. However, Aki notes that these factors support a modest, one-time, one-week extension of the dispositive motion deadline.

## V. PROPOSED DEADLINES

Aki respectfully requests that the Court extend the unexpired deadlines as follows:

| Deadline | Current Date | Proposed Date |
|---|---|---|
| Dispositive Motions | September 25, 2026 | October 2, 2026 |
| Joint Pretrial Order | October 26, 2026 | October 26, 2026 – no change |

## VI. CONCLUSION

Aki is seeking a brief seven-day extension of the current dispositive motion deadline in this matter. Based upon the foregoing, there is good cause for the extension to allow for a full and accurate briefing on the merits.

DATED this 24th day of September, 2026.

KAEMPFER CROWELL

By: */s/ Lyssa Anderson*
LYSSA S. ANDERSON (Nevada Bar No. 5781)
KRISTOPHER J. KALKOWSKI (Nevada Bar No. 14892)
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135

***Attorneys for Defendant Kaluna Aki***

IT IS SO ORDERED.
Dated: September 25, 2026
.
.

Nancy J. Koppe
United States Magistrate Judge